UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>v.<br><br>BRANDI RENEE LEE,<br><br>Defendant/Petitioner. | Case Nos.: 17CR0740-JLS<br>18CV1167-JLS<br><br>**ORDER DISMISSING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 and DENYING CERTIFICATE OF APPEALABILITY** |
|---|---|

Currently pending before the Court is Petitioner Brandi Renee Lee's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 29). Respondent United States of America has filed a response in opposition (ECF No. 38). The Court has considered these submissions and the record in this case and, for the reasons set forth below, will dismiss Petitioner's motion for lack of jurisdiction.

**Background**

Petitioner was charged with importation of methamphetamine in violation of 21 U.S.C. §§ 952 and 960. ECF No. 12. On April 6, 2017, Petitioner pled guilty to the charge pursuant to a plea agreement. ECF No. 20. Under the terms of the plea agreement,

1

Petitioner agreed to waive any right to appeal or to collaterally attack the sentence "unless the court imposes a custodial sentence greater than 71 months." *Id.* at 11.[1]

Petitioner was sentenced by this Court on June 30, 2017 to a term of imprisonment of 51 months and 3 years of supervised release. ECF No. 27. According to the Federal Bureau of Prisons inmate locator website, Petitioner was released from confinement on October 11, 2019 and she presumably remains on supervised release. Thus, as collateral consequences continue to result from the sentence imposed, the Court does not consider Petitioner's motion to be mooted by her release from custody.

## Analysis

In her §2255 motion, Petitioner contends that her counsel was ineffective for failing to raise various issues at sentencing: an alleged criminal history point discrepancy, her cooperation with the Government, and discrepancies in the discovery. Petitioner further contends that her attorney "slandered" her in the sentencing memorandum and did not have sufficient communication with her or her family. However, Petitioner's ineffective assistance of counsel claims all relate to the sentence imposed, not the fact of conviction or entry of her guilty plea. Thus, the Court finds Petitioner's plea agreement waiver of collateral attack regarding her sentence to be applicable.

A knowing and voluntary waiver of a statutory right is enforceable. *United States v. Navarro-Botello*, 912 F.2d 318, 321 (9th Cir. 1990). The right to collaterally attack a sentence under § 2255 is statutory in nature, and a defendant may therefore waive the right to file a § 2255 petition. *United States v. Pruitt,* 32 F.3d 431, 433 (9th Cir. 1994); *United States v. Abarca,* 985 F.2d 1012, 1014 (9th Cir. 1993).

In this case, the record reflects that Petitioner's plea agreement was voluntarily entered and she makes no claim otherwise. The language of the plea agreement indicates that it was entered voluntarily with the effective assistance of counsel. During the Rule 11

---

[1] The plea agreement also contains a provision preserving Petitioner's right to appeal or collaterally attack her conviction based upon a claim of ineffective assistance of counsel.

colloquy Petitioner explicitly indicated that she understood and agreed to the plea agreement's collateral attack waiver provisions.  Thus, the Court finds that Petitioner's waiver of her right to collaterally attack a sentence under 71 months is valid. Accordingly, this Court lacks jurisdiction to consider Petitioner's motion. *See Washington v Lampert*, 422 F.3d. 864, 871 (9th Cir. 2005) (recognizing that if sentencing agreement's waiver of the right to file a federal habeas petition under 28 U.S.C. § 2254 was valid, district court lacked jurisdiction to hear the case).

## Conclusion

Having carefully considered Petitioner's claims in view of the case files and records, the Court finds the record sufficiently developed to conclusively show that Petitioner is entitled to no relief.  The Court finds that Petitioner has validly waived her right to collaterally attack the sentence imposed in this case. Accordingly, Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence is **DISMISSED**.

Additionally, the Court **DENIES** Petitioner a certificate of appealability, as Petitioner has not made a substantial showing that she has been denied a constitutional right.  See 28 U.S.C. § 2253(c)(2) (providing that a certificate shall issue "only if the applicant has made a substantial showing of a denial of a constitutional right").

IT IS SO ORDERED.

Dated:  January 8, 2021

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge